UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD AMELY,

        Plaintiff,

v.                                            Case No. 8:19-cv-1650-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). Also, before the Court is Plaintiff's Motion to Remand Under Sentence Six of 45 U.S.C. Section 405(g) filed on June 12, 2020 (Doc. 22), and the Commissioner's Response in Opposition thereto (Doc. 23). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, Plaintiff's Motion to Remand is unwarranted and the Commissioner's decision is affirmed.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 11). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 8). Plaintiff then requested an administrative hearing (Tr. 161). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 11). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 8-24). Subsequently, Plaintiff requested review from the Appeals Council,

which the Appeals Council denied (Tr. 1-7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1961, claimed disability beginning June 15, 2016 (Tr. 225). Plaintiff obtained a high school education (Tr. 266). Plaintiff's past relevant work experience included work as a mortgage servicing specialist (Tr. 266). Plaintiff alleged disability due to neurocardiogenic syncope and a heart condition (Tr. 242).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2020, and had not engaged in substantial gainful activity since June 15, 2016, the alleged onset date (Tr. 13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: seizure disorder; sick sinus syndromes status post pacemaker implant; migraine headaches; and degenerative joint disease of the knee (Tr. 13). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift 20 pounds occasionally and 10 pounds frequently. Further, the ALJ concluded that:

> The claimant can stand and walk for 6 hours and sit for 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch and crawl. The claimant must avoid exposure to hazards including moving machinery and unprotected heights. The claimant can perform no commercial driving. The claimant should avoid requirements of physical activity that elevate the heart rate such as running, more than occasional climbing, working in temperature extremes, working in confined spaces or using a respirator.

(Tr. 15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 17).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could perform his past relevant work (Tr. 18). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 19).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in

substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether

the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred by failing to (1) fully and fairly develop the record, and (2) the Appeals Council failed to remand the case due to new and material evidence. Additionally, Plaintiff also moves to remand under Sentence Six of 45 U.S.C. § 405(g) in light of alleged new and material evidence subsequently filed by Plaintiff (Doc. 22). For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence. Further, Plaintiff's Motion to Remand (Doc. 22) is due to be denied.

### A. Failure to Develop the Record

Plaintiff argues that the ALJ erred by failing to properly develop the record by failing to order a consultative mental examination of Plaintiff. Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007); 20 C.F.R. §§ 404.1512(a), 416.912(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. §§ 404.1512(a), 416.912(a). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ has this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citation omitted). When the plaintiff demonstrates that the

5

record reveals evidentiary gaps which result in unfairness or "clear prejudice," remand is warranted. *Id.* at 935; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice.") (quotation and citation omitted); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record") (citation omitted). The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision. *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th. Cir. 2001)(citation omitted).

Here, the ALJ did not err by failing to order a consultative mental examination. After review of the decision in light of the medical record before the ALJ, there is no error in the ALJ's failure to order another consultative evaluation nor in his conclusion concerning Plaintiff's mental health. Substantial evidence supports the ALJ's mental RFC finding (Tr. 15). Significantly, Plaintiff denied having any mental impairment at the time of his application (Tr. 242, 256). His treatment records contain minimal reference to anxiety, and in May 2017, Plaintiff even declined the low dose of Lexapro his doctor prescribed (Tr. 439). In addition, Plaintiff's treatment records throughout 2015 to 2018 show he was cooperative with an appropriate mood and effect (Tr. 350, 359-60, 389, 397, 405, 439-41, 459, 461, 463, 469, 483). Plaintiff's admissions and treatment history support the ALJ's finding that he had no work-related mental limitations. The ALJ found that the record does not support Plaintiff's contentions regarding his mental health. The record shows that while Plaintiff had suffered recurrent seizures, the Plaintiff did not adhere to treatment protocols and there is a history of

non-compliance. Additionally, the ALJ also reviewed Plaintiff's medical records with regard to his mental impairments and found that while Plaintiff was diagnosed with generalized anxiety disorder and complained of depression, the record only supported the contention that Plaintiff did not seek treatment for these issues and instead preferred to manage his symptoms on his own (Tr. 17). As such, the ALJ did not err in failing to order a consultative mental examination.

### B. Appeals Council Failure to Remand

Next, Plaintiff also argues that the Appeals Council erred by failing to review the case and remand due to new and material evidence. "With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th. Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R § 416.4170(b). "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is ... subject to judicial review...." *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th. Cir. 1994). However, the Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of the administrative law judge hearing decision" and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261. The new evidence is material, and thus warrants a remand, if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th. Cir. 1987).

Here, the Appeals Council did not err by failing to remand based upon new and material evidence. First, although the evidence presented to the Appeals Council was new, the two treatment records dated in February 2019 took place nearly two months after the ALJ's decision

(T. 40-44). On February 13, 2019, Plaintiff visited Family Health Centers and discussed having "a bit of depression" (T. 40), however the mental status examination findings were ultimately normal (T. 41). Further, Plaintiff's doctor did not diagnose depression, anxiety, or any other mental health condition, and prescribed no medication, instead noted that Plaintiff did not wish to seek medication for his conditions (T. 41-42). Also, on February 27, 2019, Plaintiff was treated by a mental health counselor for depression during which Plaintiff explained his state was a result of his financial difficulties, including the denial of his Social Security disability benefits (T. 44). Plaintiff explained that his physical and memory challenges would not allow him to work, however, Plaintiff again declined psychotropic medication and declined psychoeducation and coping skills, and stated that "the way forward depends on financial assistance" (T. 44). While the counselor diagnosed moderate depression, single episode, examination findings were largely normal, and Plaintiff's diagnosis stemmed largely from his frustration with the "system not helping him" (T. 44).

As such, the Appeals Council properly found that this evidence was not material and there was not a reasonable possibility that it would change the administrative outcome. The evidence shows that Plaintiff had only a "bit of depression" on February 13, 2019, not enough to result in medication or a diagnosis (T. 40). Although the examination on February 27, 2019 resulted in a diagnosis of moderate depression, Plaintiff's primary reasoning for his depression stemmed from financial stress in part due to the ALJ's unfavorable decision (T. 44). As this evidence does not change the administrative outcome, the Appeals Council properly denied review.

### C. Motion to Remand under Sentence Six of 45 U.S.C. § 405(g)

On June 12, 2020, Plaintiff filed a subsequent Motion to Remand under Sentence Six of 45 U.S.C. § 405(g) and attached additional evidence of his award of disability benefits under

Title XVI, as well as an examination by Dr. Thomas G. Trimmer. (Docs. 22, 22-1, 22-2). By the Motion (Doc. 22), Plaintiff contends that remand is warranted based upon the award of benefits and new and material evidence dating from his examination on May 23, 2019. To satisfy the requirements for remand under sentence six of 42 U.S.C. § 405(g), a claimant must establish that (1) the evidence is new and noncumulative; (2) the evidence is material such that a reasonable possibility exists that it would change the administrative result; and (3) there was good cause for the failure to submit the evidence at the administrative level. *See Hunter v. Soc. Sec. Admin.*, 808 F.3d 818, 821 (11th Cir. 2015); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

As an initial matter, the Eleventh Circuit ". . . . has determined that the mere fact that a claimant was subsequently awarded benefits is not itself, 'as opposed to the evidence supporting the subsequent decision,' new and material evidence warranting a remand of a prior denial of benefits." *Arnold v. Soc. Sec. Admin., Comm'r*, 724 Fed. Appx. 772 (11th Cir. 2018)(citing *Hunter v. Soc. Sec. Admin. Comm'r*, 808 F. 3d 818, 821-22 (11th. Cir. 2015)(quoting in part and adopting the position in *Allen v. Comm'r of Soc. Sec.,* 561 F. 3d 646, 653 (6th Cir. 2009)). "Nor does the existence of a later favorable decision from the Social Security Administration undermine the validity of a previous denial of benefits." *Id*. Further, the examination of Dr. Trimmer is not material as to change the administrative result. The evidence is being offered nearly 5 months after the ALJ's decision, and the evaluation does not demonstrate that Plaintiff's condition relates to the relevant period during when the ALJ issued the initial decision nor the existence of such an impairment during that time period. *See Caulder* 791 F.2d 872, at 877 (finding that evidence is relevant and probative when it pertains to a condition listed in the original applications at the administrative level as a source of his disability and contains a medical opinion on the presence of the impairment during the time period for which benefits

9

are sought). It is also unclear what Plaintiff was found to be disabled of. The notice of award (Doc. 22-1) found Plaintiff disabled as of January 31, 2019, but does not provide an explanation nor grounds for awarding disability benefits. There is also no reference to Dr. Trimmer's findings or that his examination formed the basis of that decision or even identify if the decision was based on physical or mental impairments. Additionally, the evidence is not temporally relevant to the time period in which Plaintiff alleges disability as it is being offered nearly five months after the ALJ issued his decision. As such, remand is unwarranted.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

3. Plaintiff's Motion to Remand (Doc. 22) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 18th day of September, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record